UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AARON DENTON STODDART-CORDOVA, | 2:20-cv-00289-JAD-EJY |
| Plaintiff, | |
| vs. | **ORDER** |
| CLARK COUNTY et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion to Extend Service of Process Until End of Pandemic Lockdown for All State Officials or Other Appropriate Time (ECF No. 4).  No named defendant has been served in this action and, therefore, no response to this Motion was filed.  The Court denies Plaintiffs' Motion for the reasons stated below.

**I.    Background**

Plaintiff commenced this action on February 11, 2020.  (ECF No. 1).  A review of the docket shows that since that date, no summonses were requested and none have been issued.  No efforts to serve any of the defendants (of which there are 13) have been made.  Plaintiff claims that COVID-19 and the global pandemic "has caused a state lockdown … undoubtedly caus[ing] socio-economic problems for all parties in this case … ."  ECF No. 4 at 1.  However, five of the defendants are not individuals, with all but one of the remaining defendants employed by Clark County.[1]  Plaintiff also states "the fact that most of the defendants are older and may be dying from the virus at the moment may convey the need for a little latitude.  *Id.*  Plaintiff states that he did not receive notice of the intent to dismiss pursuant to Rule 4(m) of the Federal Rules of Civil Procedure until May 26, 2020.  *Id*. at 1-2.  Finally, Plaintiff says, without providing any evidence to support the assertion,

---

[1]   Defendants include:  Clark County, Clark County Office of the District Attorney Family Support Division, Clark County Family Court, Clark County Marriage License Bureau, Southern Nevada Health District-Vital Records, Jeffrey Witthun, Mathew Harter, Steven Wolfson, Mary-Anne Miller, Christopher Lalli, Robert Daskas, Brigid Duffy, and Terri Anderson.  Only Ms. Anderson is not employed by Clark County. ECF No. 1.

1

that he has mailed self addressed stamped envelopes, waivers of service of summons, two copies of a notice of his lawsuit, the request to waive service of summons, and a copy of his motion to each defendant. *Id*. at 2.

**II.     Discussion**

Federal Rule of Civil Procedure 4(m) sets the standard the Court must consider in this case. Rule 4(m) states, in pertinent part, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." To demonstrate good cause, the plaintiff must show "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *MGM Resorts Intern. v. Unknown Registrant of www.imgcasino.com*, Case No. 2:14-cv-01613-GMN-VCF, 2015 WL 669026, at *1 (D. Nev. Feb. 17. 2015) (citation and internal quote marks omitted). To demonstrate excusable neglect, the plaintiff must show: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394 (1993) (adopted by the Ninth Circuit in *Briones v. Riviera Hotel & Casino*, 116 F.3d 379 (9th Cir.1997)).

In this case, it is unclear whether Plaintiff has effectively served defendants through the waiver of service process in accordance with the Federal Rules of Civil Procedure 4(d) (Waiver of Service). Rule 4(d) states, in pertinent part:

> (1) *Requesting a Waiver.* An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. The notice and request must:
>
>    (A) be in writing and be addressed:
>
>       (i) to the individual defendant; or

2

    (ii) for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;

  (B) name the court where the complaint was filed;

  (C) be accompanied by a copy of the complaint, 2 copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form;

  (D) inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service;

  (E) state the date when the request is sent;

  (F) give the defendant a reasonable time of at least 30 days after the request was sent—or at least 60 days if sent to the defendant outside any judicial district of the United States—to return the waiver; and

  (G) be sent by first-class mail or other reliable means.

Here, at a minimum, Plaintiff does not indicate to whom each waiver of service was sent with respect to the non-individual defendants or the date the waivers were sent (except that it would have been after May 26 and before June 2). Given that Defendants have 30 days to return the request to waive service, and 30 days has not elapsed since Plaintiff mailed his waiver requests, there is no reason for the Court to consider the request to extend the time to serve. Should a defendant file a response to Plaintiff's efforts to serve arguing service was untimely or ineffective, Plaintiff is free to oppose such arguments.

### III. Order

  Accordingly, and for good cause appearing,

  IT IS HEREBY ORDERED that Plaintiff's Motion to Extend Service of Process Until End of Pandemic Lockdown for All State Officials or Other Appropriate Time (ECF No. 4) is DENIED.

  Dated: June 10, 2020

                   _____
                   ELAYNA J. YOUCHAH
                   UNITED STATES MAGISTRATE JUDGE